IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| TAKARA PASS | PETITIONER |
| V. | CIVIL ACTION NO. 3:15CV664 CWR-LRA |
| B. MOSLEY | RESPONDENT |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Takara Pass filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on September 11, 2015. Pass is a federal prisoner incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi, seeking a *nunc pro tunc* concurrent designation pursuant to 18 U.S.C. § 3621(b). Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

Pass was arrested by New York state authorities on August 28, 2004, and charged with reckless endangerment. He was temporarily transferred on October 12, 2004, to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum.* On July 11, 2005, he entered a guilty plea in the United States District Court for the Southern District of New York to illegally selling firearms and being a felon in possession of a firearm. He was sentenced that same date to a total term of 110 months, with 3 years of supervised release, and returned to state custody. On October 19, 2005, the state of New York sentenced Pass on his state charges to a term of two to four years, and the state sentence commenced on October 26, 2005. He received a total of 424 days of prior

custody credit against his state sentence for time served from his arrest until the commencement of his state sentence. On January 3, 2011, Pass's state sentence expired and he was transferred to federal custody to commence service of his 110-month federal sentence. His projected release date, as determined by the Bureau of Prisons, is February 12, 2019.[1]

In the instant petition, Petitioner asserts that the BOP abused its discretion in denying his request for a *nunc pro tunc* designation. "The practical effect of such a designation is to grant the federal prisoner credit against his federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently." *Wright v. Hogsten*, Civil Action No. 10-58–GFVT, 2010 WL 1995011, at *5, n. 5. (E.D. Ky., May 19, 2010); *Branch v. Nash*, 669 F. App'x 774 (5th Cir. 2016). The Government argues that Petitioner is not entitled to a *nunc pro tunc* designation because it is not "consistent with the intent of the federal sentencing court or the goals of the criminal justice system" in accordance with 18 U.S.C. § 3621(b). As an alternate basis for relief, Pass contends that the BOP regulation for assessing the "goals of the criminal justice system" is unconstitutionally vague.

**Discussion**

The United States Attorney General, through the Bureau of Prisons (BOP), "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone,* 341 F.3d 427,

---

[1] ECF No. 10-1—10-4.

428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)). The computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody prior to the commencement of the sentence, i.e., prior-custody credit. Section 3585 provides as follows:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Based on the plain language of the statute, a defendant commences his federal sentence when he is received in federal custody to begin serving his sentence, and he receives credit for time served *only* if it has not been credited against another sentence.

Applying these principles here, the BOP determined that Petitioner was not entitled to pre-custody credit against his federal sentence, having previously received 424 days of credit for time served from his arrest to the commencement of his state sentence. The BOP also rejected Petitioner's request to retroactively designate, *nunc pro tunc*, the

3

New York state prison where he served his state sentence as the facility where his federal sentenced commenced.

The BOP has wide discretion to designate a state institution for concurrent service of a federal sentence. Pursuant to 18 U.S.C. § 3621(b) and the *nunc pro tunc* designation procedure set forth in BOP Program Statement 5160.05, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane,* 921 F.2d 467, 480 (3rd Cir. 1990) and *Rodriguez v. Pitzer,* 76 F. App'x. 519, 520 (5th Cir. 2003) (unpublished)). However, the BOP's *nunc pro tunc* designation "shall be made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system." *See* BOP Program Statement 5160.05.

To this end, the BOP considers the factors set forth in 18 U.S.C. § 3621(b): "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence -- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and, (5) any pertinent policy statement issued by the Sentencing Commission." The BOP's *nunc pro tunc* designation is "entitled to substantial deference," *Fegans v. United States,* 506 F.3d 1101, 1105 (8th Cir. 2007), and

4

it can only be overturned if a petitioner shows that the denial was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

In this case, the BOP was well within its discretion to deny Pass's request for a *nunc pro tunc* designation because there was no evidence that a concurrent sentence was intended. *Hickman v. Chandler*, 370 F. App'x. 527, 529 (5th Cir. 2010). Contrary to his assertions in his petition, the record reflects that the BOP contacted the federal sentencing court and it declined to make a recommendation for a *nunc pro tunc* designation.[2] It is well-settled that when a District Court expresses "no opinion as to whether [a petitioner's] sentences should run consecutively or concurrently, . . . '[his] state and federal sentences ran consecutively, because the district court did not specify otherwise.'" *Hunter v. Tamez,* 622 F.3d 427, 431 (5th Cir. 2010) (quoting *Free v. Miles,* 333 F.3d 550, 553 (5th Cir. 2003)). Pass, "having violated both federal and state criminal laws, . . . 'may not complain of the order in which he was tried or punished for such offenses.'" *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002) (quoting *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980)).

Alternatively, Petitioner asserts that, unlike the sentencing factors delineated in 18 U.S.C. § 3533, BOP Program Statement 5160.05(8) is unconstitutionally vague because it

---

[2] The federal sentencing court provided the following response to the BOP's request for an opinion regarding granting *nunc pro tunc* designation:

> The Court will take no position on Mr. Pass's request that the Court recommend that he be given credit for service of his state sentence. If the state court wanted the sentences to be concurrent, he/she could have done so. Thus, the Court will not grant Mr. Pass's application.

ECF No. 10-,4 p. 4.

"provides no guidelines for determining if the requested designation is consistent with the goals of the criminal justice system."[3] In contrast, he argues that the goals of the criminal justice system would be satisfied if his request was evaluated under 18 U.S.C. § 3553(a).

Courts have held that "[a] BOP regulation may be impermissibly vague if it either 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits' or 'if it authorizes or even encourages arbitrary and discriminatory enforcement.'" *Jordan v. Wiley*, 411 F.App'x 201, 206 (10th Cir. 2011) (quoting *Hill v. Colorado*, 530 U.S. 703, 732) (2000)); *see also Ryan v. Seism*, 474 F. App'x 49, 52 (3rd Cir. 2012). Petitioner has demonstrated neither in this case. BOP Program Statement 5160.05(8) provides that its statutory authority for "designating a state institution as the place to serve a federal term of imprisonment is found in 18 U.S.C. § 3621(b)," and the record reflects that the BOP gave "full and fair consideration" to the relevant factors set forth therein. *McCarthy v. Doe*, 146 F.3d 118, 123 (2nd Cir. 1998). The BOP considered: (1) that Petitioner's current facility is FCC Yazoo City (Security Level-Medium); (2) that his current federal and state convictions for illegal firearms and reckless endangerment are unrelated; (3) that his presentence investigation report shows convictions for Unauthorized Use of a Vehicle, Criminal Possession of Controlled Substance, Attempted Criminal Sale of Controlled Substance, Assault with Intent to Cause Physical Injury, Attempted Criminal Possession of a Controlled Substance,

---

[3] ECF No. 2, p. 14.

Attempted Obstruction of Government Administration, and Unauthorized Use of a Vehicle without Owner's Consent; and, (4) that his federal sentencing court declined to recommend a retroactive concurrent designation. *See* 18 U.S.C. § 3621(b)(1-4).[4] "The decision of whether to designate a facility as a place of federal detention 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul-Malik v. Hawk v. Hawk-Sawyer*, 403 F.3d 72, 75 (2nd Cir. 2005) (quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)).

Petitioner's claim that the BOP has denied him additional credit to which he is entitled fails. For the reasons stated, the undersigned recommends that Respondent's motion to dismiss be granted, and the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and

---

[4] ECF No. 10-2, p. 55.

recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on November 8, 2017.

s/ Linda R. Anderson  
UNITED STATES MAGISTRATE JUDGE